1
2
3
4

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7

| | |
|---|---|
| KENAZ DUMAH PARKER, | CASE No. 1:11-cv-00802-SAB (PC) |
| Plaintiff | ORDER DENYING PLAINTIFF'S MOTION FOR COUNSEL |
| v. | (ECF No. 17) |
| JAMES A. YATES, et al., | |
| Defendants. | |

Plaintiff Kenaz Dumah Parker ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action was filed on May 17, 2011.  (ECF No. 1.)  On August 12, 2013, Plaintiff filed a motion for the appointment of counsel.  (ECF No. 17.)

Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981).  The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist.  Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer, at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331.  Neither consideration is dispositive and they must be viewed together.  Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances exist at

this time.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with similar cases almost daily.  Accordingly,

IT IS HEREBY ORDERED that Plaintiff's August 12, 2013 motion for the appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **August 14, 2013**

_____

UNITED STATES MAGISTRATE JUDGE